## GLASSMAN et al. v. PHILADELPHIA RAPID TRANSIT CO. et al.

### No. 6013.

Circuit Court of Appeals, Third Circuit.

Dec. 20, 1935.

Harry Sundheim and Samuel Goodis, both of Philadelphia, Pa. (Sundheim, Folz & Sundheim, of Philadelphia, Pa., of counsel), for appellants.

S. Davis Wilson, Wm. A. Schnader, Frederic L. Ballard, Allen Hunter White, and George Wharton Pepper, all of Philadelphia, Pa. (Ballard, Spahr, Andrews & Ingersoll, of Philadelphia, Pa., of counsel), for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the course of the reorganization of the Philadelphia Rapid Transit Company in the court below, it was determined to sell the taxicab business which the transit company is operating at a large loss. After extensive advertisement soliciting bids and hearings before a master, the matter finally narrowed to two bids. While there was a face difference of $3,000 between the two, yet in reality, when the contract completion dates of the two bids were considered with relation to the daily loss sustained by the transit company, the two bids were substantially equivalent. After hearing, the judge directed the acceptance of the bid of E. S. Higgins, which bid, for convenience, we designate Philadelphia bid; whereupon the other bidders, namely, Glassman and Ostrow, which, for convenience, we designate Washington, took this appeal. It alleges that the acceptance of the Philadelphia bid was an arbitrary and unwarranted abuse of his discretion by the judge.

After argument and full consideration had, we are of opinion this charge is not substantiated. In a general way, the situation is one where, first, it was highly desirable that a sale of the losing taxicab business be made promptly, and that no course be followed which would involve delays and litigations in other courts; secondly, that the taxicab business should not pass to those whose course of business might be to reduce taxicab fares to a point where such reductions might endanger the street car business, jeopardize the investments of the city and the stockholders of the company, and preclude any working out of a reorganization plan which may conserve the company and eventually bring about reduced street car fare. This was aptly stated by the judge in his opinion accepting the Philadelphia bid, as follows:

"Of the several bids submitted the three most favorable are in the neighborhood of $300,000. and the slight differences in their respective amounts are not of controlling importance, in view of other considerations.

"The bid submitted by Messrs. Sundheim, Folz & Sundheim for undisclosed principals, later disclosed as Messrs. Glassman and Ostrow, operators of light cabs in Washington and Baltimore, contemplates a type of operation which would be hurtful to the main business of the Debtor, impairing its revenues and jeopardizing any chance for lower car fares. Having in its charge the interests of the Debtor and of hundreds of millions of patrons of its mass transportation agencies, the Court

does not feel justified in approving such a bid, particularly when others of comparable amount are available. Furthermore, the City of Philadelphia has an interest in the Debtor under the 1907 Contract, and a large investment of its own public funds in mass transportation facilities and the designated representative of City Council has stated of record that the City will not give its necessary consent to the acceptance of this bid."

At the argument of the case the mayor elect of the city appeared before this court and stated on behalf of himself and the city council that, unless compelled by the order of this court or the weight of its view, the Washington bid would not have the approval of himself and the city council, which approval was necessary.

In view of the situation and the broad field of discretion vested in the judge, we are of opinion the court did not abuse its discretion in accepting the Philadelphia bid. So holding, the appeal of Washington is dismissed.